1. Although the case appears to be limited to Rule 11, I would like to suggest to the access to federal courts for all tickets. I think we actually have some jurisdiction issues to discuss. I'm not sure if you're prepared to discuss them. I'm not sure that I am. I guess let me just ask, is there really a valid notice of appeal from the April 15th order imposing the sanctions? Because it seems like there may not be. That could be. However, I believe that I argued in my reply brief that the notice of appeal problem ought to be waived because they didn't bring in the official. It didn't bring in the official, the only one official. I believe I'm not really fully prepared to agree to this. If the court believes it necessary, I would like to perhaps respond with a supplemental briefing, a further supplemental briefing. Okay. So you're really here. Do you want to talk about the sanctions order then? I would like to talk about the sanctions order, yes. Okay. So the second question about the sanctions order is whether it will... Mootness. Right. Okay. So I take it that the court denied that by my... We're only asking a question. Okay. Well, I understand. Okay. So I believe that it is not moot because it is a harm capable of reputation that I made in review, and I believe it fits this squarely with the... Prison, which I've never seen before. And the prison essentially found that he was culpable, but didn't give him any discipline or whatever discipline they gave him was his own. Is that right? Right. But is there anything in the record about any additional consequences of this discipline? I mean, in general, what do your clients sense? So my clients was subsequently sent to administrative segregation that I think was perhaps a consequence of the earlier guilty plea that he made. So... That's over now? That's over, yes. But what I'm asking you is this. These things often come back at prisoners saying, or earlier, is he eligible for parole someday? Is there anything in the record about it? Assuming that there's nothing happening to him at this moment with regard to this discipline, what consequences it could have for him later? There's nothing in the record, but I believe it's in the NDOC guidelines that prior conviction can be used against him later. Prior discipline? Prior discipline, yes. I don't have anything on the NDOC guidelines. I understand that the sanctions were never imposed. What is it that you're talking about referring to that administrative segregation? Because the record here, it didn't show any administrative segregation. No, I believe that he received administrative segregation down the line for another... Oh, he received another? For something unrelated, yes. But presumably the prior guilty plea affected that. Well, can you tell me in what way? Well, I mean, as I was mentioning, under the NDOC guidelines, the prior punishment, the prior guilty plea, the prior... would have affected their subsequent... Are these guidelines something that we can take additional notice of? Yes, of course. Are there sanctions you can take additional notice of? I have not, no. I submit them. Okay. Go ahead. Okay. So, counsel, my understanding is that your client admitted the underlying violations at the correctional facility disciplinary procedure, right? That is correct, yes. And he was given a suspended sentence? Correct. And he apparently behaved himself during the period of that suspension, and it went away? Correct, yes. And this admittance sake you're referring to is related to events utterly unconnected to this appeal? That's correct. Okay, thank you. So, to backtrack, okay, go ahead. I mean, this is all kind of focused on mootness, but how is this capable of repetition? But maybe if I have your people to talk about that. Well, Your Honor, I believe that if a judge, a district court judge were to apply this kind of referral, this NGFC referral, then generally speaking, by the time that an appeal could be taken, the punishment would have been already given and served. So, you know, administrative segregation. My question is whether it's capable of repetition with regard to your client. With regard to my client, certainly it is capable of repetition. Can I say yes? Because he's now restricted. So, I mean, there's even less chance that he's even going to get anything filed, let alone, you know, have some consequence for it being filed. But I'm just curious because that's kind of. Certainly it is possible that there would be a retroactive. Are you appealing this? You're challenging the sanctions? Are you challenging the fixations litigant order as well? As far as the sanctions? As far as the sanctions versus the referral? Yes. Yeah, there was essentially a fixations litigant order. You're not? All right. Okay. Okay. So, I believe that if you read Willie, Willie states that Rule 11 is connected to the inherent powers of the court. In that case, Willie and Kudrin-Gell, the court was addressing the problem of whether or not a district court has the ability to issue Rule 11 sanctions against the litigant once it's lost subject matter jurisdiction. So, in the example of Kudrin-Gell, there was a Rule 41 dismissal. And similarly, in Willie, the court had lost subject matter jurisdiction. And in Willie, the Supreme Court explicitly affirms the Fifth Circuit, and in doing so, states that Rule 11 derives from the inherent powers of the court. And so, I believe that if you put that case in connection with Roadway Express, which holds that the inherent powers of the court require the finding of bad faith, then the court should have made the finding of bad faith in this case. Do I see that? I mean, as you said, in this kind of an order, it's not a proper Rule 11 order. I mean, that had to be Rule 11. No, Your Honor. I believe it could be done under Rule 11. I think the problem is that the court needed to make a finding of bad faith under Rule 11. Why? Because the Rule 11 was an issuance under its inherent authority. Because Rule 11 derives from its inherent authority. But generally, one just has to make a bad faith finding under Rule 11, do you? Well, that's what I'm arguing. I'm arguing. Just so you're not complaining, that's a particular weird form of sanction, which is to refer someone to the prison. Is there a case where that's ever happened? No, I've never seen that before. But that's not what you're focusing on. You're making a generic Rule 11, are you? I am making a generic Rule 11. Okay, thank you. Thank you. Good morning, Your Honors. May it please the Court. My name is Matthew Johnson. I'm a Deputy Attorney General for the State of Nevada, representing the respondents, appellees in this matter. Your Honors, as you point out, this Court lacks jurisdiction over this case because he never appealed from the actual sanctions order. And do I have any other questions about the law? Well, the odd business is that he filed an appeal, which actually arrived after the sanctions order. But it was sent before the sanctions order. Right. If you look at the Notice of Appeal, you see what he's actually complaining about. He's actually complaining about the motion, the denial of his motion to reopen. He says on the first page of the Notice of Appeal, he says— Yeah, but we're often forgiving about what Zach writes in the Notice. But the funny business here is that at the time it was sent, although not at the time it was received, there was no sanctions order. In other words, if he had sent this after the sanctions order issued and then proceeded to brief the sanctions order, we might, in fact, regard the fact that there was a limited specification in the Notice of Appeal as though never mind. I'm not sure. The date it was received was April 21, 2014, which was after the sanctions order was issued. Right. I'm not sure. But it was sent before the sanctions order. Right. He does have it on April 19, 2014. I've looked at a lot of the dates in this case, and they're not reliable. Let's assume that he sent it before the sanctions order was issued. Then we know with certainty that he wasn't appealing from the sanctions order because the sanctions order hadn't been issued yet. That's the point. Right. Yes, certainly. Sorry, I thought you were saying that the fact that he was appealing before the sanctions order was issued. Because if it were the other problem only, I think his way of reporting would be fine. It's not such a big deal. It's not jurisdictional, as I understand it, or necessarily something that somebody has stuck with, if they just don't mention something in their Notice of Appeal. Well, I think there's case law that I put in my brief that you have to, for all post-sanctions orders, you need to appeal from the actual order rather than a different order. What I'm trying to say is I don't even think his appeal was about the Shokah's order or the sanctions order. He's appealing the denial of the motion to reopen. His entire seventh-page Notice of Appeal is completely about that issue. He's upset because the court denied his sixth motion to reopen the case. I'm curious. You think this should be fine? Yes, Your Honor. Is this an appropriate Rule 11 sanction? I've seen one like it. Let's see if there's any that were actually issued. I saw four or five different Shokah warnings about issuing a similar Shokah's order with respect to this kind of discipline in the District of Nevada. Well, I don't like this idea, but I've never seen it. But I couldn't find any where the order was actually imposed. The difference with Mr. Bacon, Mr. Bacon's notorious in the state of Nevada. He has over 75 different case numbers before the Nevada Supreme Court. But they didn't have a Rule 11. I mean, isn't a Rule 11 sanction supposed to be a sanction issued by the court, not a sanction that is sent off to somebody else to impose the sanction? And it's also based in terms of juries. I mean, I don't know. This is an odd order to issue sanctions to a pro se plaintiff and then having it be basically effectuated by the Department of Corrections. The part that I thought was odd, that you were actually asking the respondents to refer to it, I don't think necessarily. I think the District Court was at its last thought. It had run through many shifts about ways to sanction this particular litigant. They tried every other possible way. All of his 25 different case numbers for the District of Nevada that he's filed repetitive and vexatious litigation, they had run out of different other ways to sanction him. And this is the last thing they thought might have worked. And, in fact, it didn't work because he filed six different case numbers after he was sanctioned in this case. He generated six different District of Nevada case numbers after this case. Nothing's worked with Mr. Bacon as far as trying to prevent him from filing vexatious, repetitive, and frivolous litigation. I mean, if he weren't in prison, he could have done the same thing. If he didn't have any money, he wouldn't be in the same position. I don't know why the fact that he happens to be in prison at the moment has anything to do with what the court can do in sanctioning him. I'm not sure what your question is. In other words, the problem is that rule of limit sanctions are usually money. And if people don't have the money, you've got a problem. But why do you get some additional leverage out of him because he happens to be in prison? He does provide for non-monetary sanctions in the rule, and this was a non-monetary sanction. And all the sanction was was notifying the NDOC that it was violating both Nevada law and its own procedures for what an inmate is allowed to do while in prison. That's the only thing the sanction did was say, I'm drawing your attention to the fact that he's violating the prison rules and the state law, and you get to decide what to do about it. But it's the referral for sanctions. If I recall correctly, the district court, he's referring to the DOC for sanctions for what you just said. And if there had been some actual, you know, if he'd been sent to segregation, I just don't know if the district court judge would likely have been required to do more before those type of sanctions can be imposed, whether even if it was proper in the first place, but we're not there. It's just interesting. If I could just actually one of the main, I'm not trying to depress the point where I don't need to, but it was for the consideration of possible sanctions. I understand that the district, the federal district court has a lot of weight when they make that. But if we as the respondents want to do the exact same thing that the federal district court did here, we can do this exact same thing based on the show cause order alone, based on the warning that happened three years earlier alone, and that would be enough to have the same effect before the NDOC. And so what the district court did, was it any different than something we have our own power to do? So I'm trying to say, it wasn't the court's power as a federal district court judge, that was the difference here. It was just the fact that the federal district court was the one essentially making the referral rather than us making the referral. But he did in pursuit to rule the court. Correct. Which allows for non-monetary sanctions. It is unusual. I agree with you. Whatever the sanction was counsel, it's over and done with, right? Yes, sir. I believe that it is. I understand that the argument is that it is repetition. It's capable of repetition in any review. But the reason it'd be capable of repetition is because he continues to file repetitive and vexatious litigation. And I'm not sure that's the exception. He has what the exception was meant for. Is him continuing to file vexatious and frivolous litigation? What about, at least in my experience from reading all these records, prisons keep records about discipline. And the next time you do something wrong, the fact that you've been disciplined before, it tends to have some consequences. And moreover, it tends to have consequences of parole. Now, I gather we don't have a record on that. In the prison rules, that's probably right. I provided those to the court in my answering brief on page 37. So for aggravation, the argument that he made in his brief was that it's going to affect him for aggravation purposes in the future with respect to other discipline. And here's the categories with respect to the NDOC rules provide for. In the disciplinary record reflects prior acts of similar misconduct. So yes, it could be aggravating if he continues to file vexatious litigation. The MA disciplinary record reflects the type of misconduct that's becoming increasingly serious. So something more serious than what he's currently doing, this could potentially... So he doesn't have collateral consequences. That's the answer. I mean, as much as conviction does or anything else. With respect to him doing the same exact thing, vexatious, repetitive litigation. If he did something worse. The MA disciplinary record reflects the type of misconduct. This type of misconduct is becoming serious. Right. Increasingly serious. That was number one. I thought number two was if he did something worse. Right. Increasingly serious. Something else increasingly serious. Right. So it has collateral consequences. It could, yes. That's why we don't have convictions being moved. Because somewhere down, I mean, when you say that a conviction is a collateral consequence, it has collateral consequences, it's on the theory that he might do something bad again and then it would have collateral consequences. Right, I guess if you analogize it to sentencing, this being sentencing, then I guess you could say that. Right. Okay. Thank you. Well, I would just like to emphasize that the fact that, you know, he's filed vexatious litigation to the pastor, he's been found to do so, does not necessarily entail that he would continue to do so in the future or somehow get caught up in punishment related to future filings that might be, you know, meritorious and somehow deemed. Your argument cuts against you. I mean, the only way you have a, I mean, your service not good argument is that he won't do it again. Well, your Honor, I believe that, you know, if his consequence of losing a lawsuit is that he is, you know, punished by the NDOC for further vexatious filing, then that's limiting his access to the court, even though you could, I mean, there are cases that you could bring that. He's going to get lawyers that have access to court. That's what they do. They say you can't come to court. Right. Okay. Can you talk us through that? Thank you. All right. The case of Bacon v. Goldman, because the United States versus the one in Greece, the case of Bacon v.
judges: Hawkins, Berzon, Murguia